### 12753. LEWIS *v.* CITY OF MOULTRIE.

BROYLES, C. J. While the maintenance by a city of a sewerage-drainage system is connected with the preservation of the public health, and therefore is a governmental function, and while ordinarily a city cannot be held liable for damage to person or property caused by negligence of any of the city's servants while engaged in such work (*City Council of Augusta* v. *Cleveland,* 148 *Ga.* 734, 98 S. E. 345, and citations), or by an error of judgment on the part of its authorities in adopting a general plan of drainage and in determining when,

where, and of what size, and at what level, drains or sewers shall be located (*Harrison Co.* v. *City of Atlanta*, 26 *Ga. App.* 727, 107 S. E. 83), yet where such negligence or error of judgment results in the creation and maintenance by the city of a nuisance permanent in its character and dangerous to life and health, and where the effect of the nuisance is specially injurious to an individual by reason of its proximity to his home, he is entitled to recover adequate compensation for his injuries, including damages for any decrease in the market value of his realty. *Butler* v. *Thomasville*, 74 *Ga.* 570; *Smith* v. *Atlanta*, 75 *Ga.* 110; *City of Atlanta* v. *Word*, 78 *Ga.* 276; *City of Atlanta* v. *Warnock*, 91 *Ga.* 210 (18 S. E. 135, 23 L. R. A. 301, 44 Am. St. R. 17); *Holmes* v. *Atlanta*, 113 *Ga.* 962 (39 S. E. 458); *Kea* v. *Dublin*, 145 *Ga.* 511 (89 S. E. 484); *City Council of Augusta* v. *Cleveland*, supra.

Applying this ruling to the allegations of the petition in the instant case, the petition set forth a cause of action, and the court erred in dismissing it on general demurrer.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 13, 1921.

Action for damages; from Colquitt superior court — Judge Thomas. August 2, 1921.

The petition is against the City of Moultrie and the Atlantic Bitulithic Company. It alleges, in substance, that the Atlantic Bitulithic Company contracted to pave certain streets in the City of Moultrie under the direction, supervision, and control of officers and agents of the city, and, in the performance of this contract and under the direction, supervision, and control of the city, undertook to pave Main street and to curb and pave the sidewalk in front of the plaintiff's lot, upon which was his dwelling house. This street extends north and south from this property, and, since paved by the defendant, is up grade from it. Three cross-streets run east and west near this property, one of which is its northern boundary, and they are up grade from it extending west. At the corner of the plaintiff's property the defendants have made a junction point for five different storm-sewers, which empty into this junction point from all directions except from the east. It is alleged that "the defendant negligently and with utter lack of care and due diligence, and with utter disregard of the property rights of . . petitioner and his family, have left open the means of escape of all water and refuse matter that may be poured into said sewer junction point, so that all of said sewers pour their contents into an open ditch located upon the north side of petitioner's property, and let loose such waters or refuse matter to flow where it may over . . petitioner's property; . . that all of

the water which flows down the hills and through the streets above mentioned flows to and collects upon the south side of said main street next to petitioner's said residence, and remains there until taken into said storm-sewer by one small opening located on the east side of said street and about one hundred feet south of petitioner's said residence; that in order to prevent such surface water flowing over petitioner's property from the front, and further to prevent the same from flowing in like manner over the property of petitioner's neighbors, the defendants raised the sidewalk in front of petitioner's said residence about two and one half to three feet above the height of said sidewalk prior to the paving and curbing of the same by the defendants."

Paragraph 6 alleges negligence and disregard of the plaintiff's property rights, and of the comfort and health of himself and his family, in the following particulars: (*a*) The raising of the sidewalk left plaintiff's residence in a low bottom place, and in order to get into and out of the residence it was necessary to climb down from the sidewalk three or four feet to the porch and door-steps of the residence, or to climb up from the door-steps to the sidewalk. It is impossible for him to drive on to his premises with his automobile, and it is impossible for him to reach his garage with said car except by the erection and construction of a passageway built up from the edge of the sidewalk on to his property, leading to his garage. The building of such a passageway will cost him at least $250. (*b*) The defendant did not construct a sufficient number of openings into the storm-sewers, for the water collects in front of plaintiff's residence and backs up against the sidewalk into a great body and remains there for a considerable length of time and until the one small opening hereinbefore designated can take up the surface water and empty it into the ditch on the east side of plaintiff's property. (*c*) The grade is down from Main street east, and great quantities of water and refuse matter collected by the various storm-sewers empty into said ditch and run to the bottom of the hill, and form a great body of water which backs up from the rear on to plaintiff's property. The plaintiff's land, before the acts complained of were committed, was dry and suitable for the building of homes or any other purpose,

but, since the collecting of said body of water thereon and adjacent thereto, said land is under water, is muddy and boggy, and is totally worthless for any purpose. There is no way provided by the defendants for said body of water to be taken away from plaintiff's property, in that east of said body of water, is a heavy grade constituting the railroad-track of the Atlantic, Birmingham & Atlantic Railway Company. (*d*) The grading of said street so as to put plaintiff's property at a point down grade from the south, west, and north was grossly negligent, in that the streets could and should have been paved with such a grade as to take all of such water to other places. They should have been paved with such grades that the great volume of water would have been separated and taken away by storm-sewers to different places rather than have it all collect at the point located on the plaintiff's property. (*e*) The construction of said storm-sewers so as to pour the water and other refuse matter upon the surface on the north side of plaintiff's property was done by defendants in utter. disregard of plaintiff's rights, and was wholly unnecessary, in that some proper sewer should have been constructed to connect with said sewer junction point for the purpose of backing such water under the surface, away from plaintiff's property; the construction of such paving, curbing, and storm-sewers.was negligently done, in that said water and refuse matter are emptied by such sewers into said ditch and upon the surface at a point within six or eight yards of plaintiff's dining-room, and the same pours over said ditch on the sidewalk into the yard and under the plaintiff's residence. (*f*) The waters from such storm-sewers are collected from the surface of the streets over a considerable portion of the City of Moultrie, covering an area of from probably fifteen to twenty acres. Such water, in pouring over the surface of the streets of the city, collects various waste matters which may be left or placed upon the streets, and takes them into the storm-sewers at various points, and they are collected by said sewers and deposited into said open ditch and into said body of water, so that said ditch, the sidewalk adjacent thereto, and the entire surface on which the water may run or collect are saturated with the various decaying matters contained in such waters; and after any rain and after the waters have passed over said ditch and on to the plain-

tiff's land, said ditch and the land where the water passed or is collected gives off an offensive, poisonous, obnoxious odor, and contaminates and makes foul and filthy the atmosphere which plaintiff and his family are forced to breathe. The body of water collected east of plaintiff's residence and on and adjacent to plaintiff's land remains stagnant, insanitary, and filthy, and gives off an obnoxious and offensive odor, which saturates the atmosphere, thus robbing plaintiff and his family of convenience and comfort to which they are entitled, and endangering their health and life.

Paragraph 7 alleges: There never was any necessity or good reason for the making and construction of such paving and curbing in the manner herein indicated, or for maintaining the same in such condition, or for maintaining said open ditch and body of stagnant, filthy water. The same is a nuisance injurious to plaintiff's property and to the health and comfort of himself and his family, and is such a nuisance as is permanent in character. The defendants constructed such paving and curbing and the City of Moultrie maintains the same in such condition wilfully, wantonly, and negligently, with full knowledge of the surroundings and in disregard to the consequences to plaintiff. Ever since the completion of such work by the defendants the same, constructed in the manner herein described, has been a nuisance, in that the plaintiff and his family have constantly suffered and have been robbed of the comforts and conveniences to which they are entitled. The conditions created by the defendants are almost unbearable, and it is almost impossible for plaintiff and his family to live in said residence, the physical and mental suffering being practically unbearable at various times.

Paragraph 8 alleges: Because of the acts of the defendants the rental value of plaintiff's property has been decreased in the sum of $3,000, and such decreased rental value is permanent in character. The tract of land described has been rendered totally worthless and is now without market value, and plaintiff has thus been injured and damaged in the further sum of $1,500.

The 9th paragraph alleges that 30 days before the filing of this suit the plaintiff "filed his claim with the mayor and council of the City of Moultrie," and the defendants have failed and refused to pay his said claim.

The petition concludes with a prayer for judgment against the defendants and each of them for $4,500.

The demurrer of the City of Moultrie is on the grounds: (1) No cause of action is set out against this defendant. (2) There is a misjoinder of parties defendant. (3) That part of paragraph 6(a) wherein it is alleged that a passageway would cost $250 is demurred to as being irrelevant. (4) That part of paragraph 6(f) which alleges that "various decaying matters" are contained in said waters is demurred to because it does not specify plainly the various matters. (5) Paragraph 6(f) is demurred to because it does not state plainly what conveniences and comforts plaintiff's family is robbed of, and does not show how the life and health of the plaintiff are endangered. (6) The allegations of paragraph 7 concerning mental and physical suffering are demurred to as being irrelevant. (7) The petition nowhere states the time of the alleged negligence or injury. (8) Paragraph 8 is demurred to because it does not give the present or past rental value of the property, and does not show how the rental value is arrived at. (9) Paragraph 8 is demurred to because it does not state the market value of the land before the injury occurred. (10) Paragraph 9 is demurred to because it is not alleged that said notice gave the time, place, and extent of the alleged injury.

The general demurrer was sustained and the petition dismissed in an order which stated that this was done "upon the authority of *City Council of Augusta* v. *Cleveland*, 148 *Ga.* 734, and *Harrison Company* v. *City of Atlanta*, [26 *Ga. App.* 727] 107 S. E. 83."

*Dowling, Askew & Whelchel*, for plaintiff.
*P. Q. Bryan*, contra.