### 15676.   CITY OF ALBANY v. JACKSON.

LUKE, J. 1. Where two causes of action are set forth in a petition containing only one count, the petition is subject to a timely special demurrer for its duplicity. *Gainesville & Dahlonega Ry. Co.* v. *Austin,* 122 *Ga.* 823 (50 S. E. 883); *Orr* v. *Cooledge,* 117 *Ga.* 195 (3) (43 S. E. 527).

(a) In this case the petition sets out two causes of action in a single count—one based on the law of nuisance, in that it is alleged that the city is negligently maintaining a negligently constructed intake pipe connecting the lot of the petitioner with its storm-sewer, thereby causing large quantities of water, in times of rains, to flow and pond upon the petitioner's property (*Gabbett* v. *Atlanta,* 137 *Ga.* 180, 73 S. E. 372, and cases cited; *Maguire* v. *Cartersville,* 76 *Ga.* 84; *City of Atlanta* v. *Warnock,* 91 *Ga.* 210, 18 S. E. 135, 23 L. R. A. 301, 44 Am. St. Rep. 17; *Lewis* v. *Moultrie,* 27 *Ga. App.* 757, 110 S. E. 625), the other count pleading the liability of the city, under the provision of the constitution (Civil Code of 1910, § 6388) that "private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid," in that the city so constructed its streets and sidewalks as to cause water to flow down to and upon the petitioner's lot, independently of its sewer system. See *Sheppard* v. *Ga. Ry. & Power Co.,* 31 *Ga. App.* 653 (121 S. E. 868), and cases cited.

(b) There is no allegation in the petition that the alleged nuisance was either permanent or abatable. See *City Council of Augusta* v. *Lombard,* 101 *Ga.* 724 (28 S. E. 994).

(c) In case of injury from a nuisance which is permanent, the one so injured is entitled to compensation for all damages, both past and prospective.

(d) Where the nuisance is not of a permanent character, but may be abated at any time, and upon its abatement no further injury will flow, an action will lie for the recovery only of such damages as may have

been actually sustained within the period prescribed by the statute of limitations. *Langley* v. *Augusta*, 118 *Ga.* 590 (9) (45 S. E. 486, 98 Am. St. Rep. 133).

2. The measure of damages for an injury occasioned by a nuisance is the difference between the market value of the premises before the nuisance existed and the value after the nuisance was created. *Head* v. *Towaliga Falls Power Co.*, 27 *Ga. App.* 143 (107 S. E. 558); *Central Ga. Power Co.* v. *Stubbs*, 141 *Ga.* 185 (80 S. E. 636).

3. The ante-litem demand for damages given to the city was sufficiently full. See *Langley* v. *Augusta*, 118 *Ga.* 590 (12) (45 S. E. 486, 98 Am. St. Rep. 133).

4. The petition in this case was not subject to general demurrer, but was subject to the special demurrer based on the ground that the petition was duplicitous; it was therefore error to overrule the special demurrer, and for this reason the judgment is reversed.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 12, 1924.

Action for damages; from city court of Albany—Judge Clayton Jones.   April 26, 1924.

*James Tift Mann*, for plaintiff in error.

*Westbrook & Lanier*, contra.