*W. Inman Curry, solicitor,* contra.

20643, 20644.   CITY OF ATLANTA *v.* DUE; and *vice versa.*

DECIDED FEBRUARY 20, 1931.

*J. L. Mayson, C. S. Winn, J. C. Savage,* for City of Atlanta.

*W. W. Gaines,* contra.

Bell, J. (After stating the foregoing facts.) "The power granted by charter to a municipal corporation to raise or alter the grades of streets involves a legislative act." *Fuller* v. *City of Atlanta,* 66 *Ga.* 80 (2). So, also, the municipal authorities are engaged in the performance of a governmental function in deter-

mining the size, number and location of manholes, catch-basins, sewers, and the like, to be installed as a part of the drainage system of a city or of a given area thereof; and for mere negligence or errors committed by the officers in the exercise of such function the city is not liable. *City Council of Augusta* v. *Cleveland,* 148 *Ga.* 734 (98 S. E. 345); *City Council of Augusta* v. *Little,* 115 *Ga.* 124 (41 S. E. 238); *Harrison Co.* v. *Atlanta,* 26 *Ga. App.* 727 (107 S. E. 83); *Rogers* v. *Tattnall County,* 29 *Ga. App.* 779 (116 S. E. 545); *City of Albany* v. *Maclin,* 30 *Ga. App.* 119 (117 S. E. 100). But this does not mean that the municipality may not be subjected to liability for the loss sustained by an individual where his private property has been taken or damaged for public purposes without just and adequate compensation being first paid. In such a case a cause of action arises in virtue of constitutional provision. Civil Code (1910), § 6388; *City of Atlanta* v. *Green,* 67 *Ga.* 386; *City of Atlanta* v. *Word,* 78 *Ga.* 276 (3); *Atkinson* v. *City of Atlanta,* 81 *Ga.* 625 (7 S. E. 692); *Mayor &c. of Albany* v. *Sikes,* 94 *Ga.* 30 (20 S. E. 257); *Barfield* v. *Macon County,* 109 *Ga.* 386 (34 S. E. 596); *Langley* v. *Augusta,* 118 *Ga.* 592 (10) (45 S. E. 486, 98 Am. St. R. 133); *City of Clarkesville* v. *Mc-Millan,* 143 *Ga.* 335 (85 S. E. 110); *Sheppard* v. *Georgia Power Co.,* 31 *Ga. App.* 653 (121 S. E. 868).

There can be no doubt of the correctness of this proposition where the act or acts by which the private property was taken or damaged were performed in (1) the proper exercise and (2) the lawful execution of a power or authority conferred by law. *Mayor &c. of Milledgeville* v. *Bass Canning Co.,* 42 *Ga. App.* 533 (156 S. E. 628). "That which the law authorizes to be done, if done as the law authorizes it to be done, can not be a nuisance." *Burrus* v. *Columbus,* 105 *Ga.* 42 (31 S. E. 124); *City Council of Augusta* v. *Lamar,* 37 *Ga. App.* 418 (140 S. E. 763). The plaintiff in the present case, however, has apparently sought to claim as negligence certain official acts for which there could be no action against the municipality, and has made no allegation of negligence or errors in the performance of any ministerial duty. Thus, the petition fails to state a cause of action in tort, either for the creation or maintenance of a nuisance or otherwise. The case is therefore to be distinguished from such cases as *Reid* v. *Atlanta,* 73 *Ga.* 523; *Smith* v. *Atlanta,* 75 *Ga.* 110; *Maguire* v. *Cartersville,* 76 *Ga.* 84;

*Mayor &c. of Brunswick* v. *Tucker,* 103 *Ga.* 233 (29 S. E. 701, 68 Am. St. R. 92); *Holmes* v. *Atlanta,* 113 *Ga.* 961 (39 S. E. 458); *Holbrook* v. *Norcross,* 121 *Ga.* 319 (2) (48 S. E. 922); *Kea* v. *Dublin,* 145 *Ga.* 511 (89 S. E. 484); *City of Atlanta* v. *Trussell,* 21 *Ga. App.* 340 (94 S. E. 649); *Lewis* v. *Moultrie,* 27 *Ga. App.* 757 (110 S. E. 625); *City of Atlanta* v. *Fleming,* 40 *Ga. App.* 830 (151 S. E. 678).

Section 4457 of the Civil Code, in defining a nuisance, and in saying that the lawfulness of the act does not keep it from being a nuisance, does not mean that an act may amount to a nuisance where it is authorized by law *and then is executed* in accordance with the judgment or conclusion reached by the municipal authorities in the exercise of the governmental function; but the true interpretation of this section is that an act which the law authorizes to be done may result in an actionable nuisance only where there is negligence or error in the *execution* of the plans and specifications adopted or prescribed by the governing authority. Compare *Vason* v. *South Carolina R. Co.,* 42 *Ga.* 631; *Simpson* v. *DuPont Powder Co.,* 143 *Ga.* 465 (85 S. E. 344); *City of Quitman* v. *Underwood,* 148 *Ga.* 152 (96 S. E. 178); *Towaliga Falls Power Co.* v. *Sims,* 6 *Ga. App.* 749 (4), 754 (65 S. E. 844); *Sheppard* v. *Georgia Power Co.,* supra.

But the fact that in the instant case the plaintiff may have made a fruitless effort to lay a charge of negligence upon the city with regard to matters covered by its exemption from liability (Civil Code of 1910, § 897) ought not to defeat an otherwise well-stated cause of action. The petition here alleges such a state of facts as should entitle the plaintiff to recover under the provision of the constitution against the taking or damaging of private property for public purposes without just and adequate compensation being first paid. The allegations that negligence or errors were committed in the exercise of the governmental function do not help the cause, but, not being germane, will be treated as surplusage, so as not to destroy it. It is unnecessary for a plaintiff to name or classify the cause of action relied on, but the test of the sufficiency of the petition as against a general demurrer is whether the defendant can admit all the allegations made and escape liability. Since the petition may be reasonably construed as a claim for the damaging of private property for public pur-

poses, and was not attacked by demurrer for duplicity, this court, in endeavoring to ascertain the plaintiff's intention, will presume, prima facie, that it was his purpose to serve his best interest, and will therefore adopt that construction which will uphold, and not defeat, the action. *Citizens & Southern Bank* v. *Union Warehouse Co.,* 157 *Ga.* 434 (7, 10), 455 (122 S. E. 327) ; *Southern Express Co.* v. *Pope,* 5 *Ga. App.* 689 (2) (63 S. E. 809) ; *Speir* v. *Westmoreland,* 40 *Ga. App.* 302 (3) (149 S. E. 422).

In a suit to recover for property taken or damaged for public purposes, the measure of the recovery is limited strictly to the actual diminution in the value of the property. *Howard* v. *Bibb County,* 127 *Ga.* 291 (56 S. E. 418) ; *Pause* v. *Atlanta,* 98 *Ga.* 92 (3, 4) (26 S. E. 489, 58 Am. St. R. 290) ; *City Council of Augusta* v. *Schrameck,* 96 *Ga.* 426 (23 S. E. 400, 51 Am. St. R. 146) ; *Streyer* v. *Georgia Southern & Florida R. Co.,* 90 *Ga.* 56 (2) (15 S. E. 637). Whether or not personal property could in any case be taken or damaged for public purposes, such an appropriation does not appear in the present case. The plaintiff can not recover "consequential" damages in a case of this sort. *City Council of Augusta* v. *Lamar,* 37 *Ga. App.* 418 (140 S. E. 763). Thus, the court correctly sustained the grounds of special demurrer attacking the items of damage to personalty; and since the specific items of damage to the real estate were included within the general diminution in its market value, these items also were properly stricken.

We are dealing here with an action for damages, and do not speak of the possible right to sue for abatement or injunction where a hurtful condition has in fact been created but damages can not be recovered, because it resulted from the exercise of the governmental function.

Although the fact, alleged in the petition, that as a result of the water ponding in the plaintiff's backyard, it had become "noisome, bad smelling, and unhealthy, resulting in and causing sickness to petitioner and his family," would not constitute an *element* of recovery in an action under the constitutional provision referred to, and therefore would be more appropriate in an action in tort, yet since the petition can be upheld as an action founded upon that provision, and since, consistently with such a construction, the plaintiff omits to lay any damage upon the allegations just quoted, and alleges merely that "these changes in the grades of

the several streets . . and the negligent manner in which the curbs have been put in, the omission of the defendant to construct a sufficient number of manholes, catch-basins, sewers and drains, to take care of the surface water, . . has permanently injured the value of his said property, the market value, the selling value and its desirability and convenience to him as a home, in the sum of $2,500; and that said negligent conduct of the defendant has decreased the value of petitioner's property in said sum . . and that the market value of his said property had been permanently damaged and diminished in the sum of $2,500 thereby," and nowhere advances such unhealthy condition as a ground for recovering damages against the city, thus indicating an intention on the part of the plaintiff to disregard such allegations as an actual *basis* of recovery, these averments will not prevent the construction of the petition as an action for the damaging of private property for public purposes. And since we construe the petition as one of this character, it is unnecessary to determine the precise theory of the decision in *Kea* v. *City of Dublin,* supra, as respects the question of whether the ruling in that case was founded upon the violation of ministerial duties or recognized as an exception to the general rule as laid down in the Civil Code (1910), § 897, as to the non-liability of the municipality for errors of its officers in the performance of legislative or judicial powers. The holding in that case was that "Although municipal authorities may have plenary power in the matter of collection, removal and disposition of garbage, yet they can not lawfully create, in connection therewith, a nuisance dangerous to health or life; and where such a nuisance is created and its effect is specially injurious to an individual by reason of its proximity to his home, he has a cause of action for damages." See also *Smith* v. *Atlanta,* supra; *City of Atlanta* v. *Warnock,* 91 *Ga.* 210 (18 S. E. 135, 23 L. R. A. 301, 44 Am. St. R. 17); *Holmes* v. *Atlanta,* supra; *Bell* v. *Savannah,* 139 *Ga.* 298 (77 S. E. 165), in which the claims were founded upon the alleged creation and maintenance of a nuisance *dangerous to health or life,* as distinguished from a condition which merely damaged the purse or property of the citizen.

*Judgment affirmed on both bills of exceptions. Jenkins, P. J., and Stephens, J., concur.*