22142, 22143. NEESE *v.* CITY OF ATLANTA.

DECIDED MAY 10, 1932. REHEARING DENIED JULY 11, 1932.

*Carpenter & Ellis, E. S. Griffith,* for plaintiff.
*J. L. Mayson, C. S. Winn, J. C. Savage,* for defendant.

BROYLES, C. J. 1. "The duties of municipal authorities in adopting a general plan of drainage, and in determining when, where *and of what size* [italics ours] and at what level drains or sewers shall be built, are of a quasi-judicial nature, involving the exercise of deliberate judgment and wide discretion; and the municipality is not liable for an error of judgment on the part of

the authorities in locating or planning such improvements." *Harrison Co.* v. *Atlanta,* 26 *Ga. App.* 727 (107 S. E. 83), and cit.

2. The duty of a city to maintain its sewerage-drainage system in a good working and sanitary condition is a governmental function. Such maintenance of a sewerage system has reference to the preservation of the public health, and this court will take judicial notice of that fact. *City Council of Augusta* v. *Cleveland,* 148 *Ga.* 734 (98 S. E. 345).

3. The petitions of the two plaintiffs, properly construed (most strongly against them), fail to show that their damages were caused by the city's negligence in constructing the sewerage-drainage system, or by any subsequent negligence thereafter, but, on the contrary, disclose that the damages sued for were caused by an error of judgment of the city authorities, while planning the drainage system, in determining the size of the drains and sewers, the petitions alleging that they were "too small to carry off the natural flow of the water at this intersection." While the petitions contained some other allegations of negligence, as to the city allowing the system to become "clogged and stopped up with water for several hours at a time," yet, when all the allegations of negligence are construed in the light of the facts stated in the petitions, it clearly appears that the damages claimed were caused by reason of the fact that the sewers and drains were not large enough to properly carry off the natural rainfall. In other words, according to the petitions (construed most strongly against the plaintiffs), the small size of the drains and sewers was the *sine qua non* of the damages sustained. The case of *Bass Canning Co.* v. *Milledgeville,* 174 *Ga.* 222 (162 S. E. 687), is distinguished by its particular facts from this case. In the *Bass* case, the construction company employed by the City of Milledgeville built up a sewer "into which the surface-water from the street had theretofore drained, so as to raise the mouth of the sewer about four feet, converting the open perpendicular drain sewer into a *closed manhole,* and leaving *no opening* into which the surface-water accumulating on the street could drain [italics ours]." Obviously there is a wide difference between an error of judgment in making a drain opening into a. sewer *too small* to carry off the surface water, and the unaccountable failure to make *any* opening at all for such a purpose.

4. Under the foregoing rulings, neither of the petitions set out

a cause of action against the city, and both were properly dismissed on general demurrer.

*Judgment in each case affirmed. Luke, J., concurs.*

JENKINS, P. J., dissenting. I am unable to distinguish the law of the instant case from the recent ruling by the Supreme Court in *Mayor and Aldermen of Milledgeville* v. *Bass Canning Co.*, 174 *Ga.* 222 (162 S. E. 687), taken by certiorari from the second division of this court. That case was an action for damages caused by the overflow of water on adjoining property of the plaintiff by the city having formulated and adopted a negligent, defective, and inadequate system of sewer-drainage in connection with its paving operations, and having thereafter, through its contractor, constructed such system in accordance with such plans and specifications. It was alleged in the petition that between the street and the sidewalk there had been a surface-drain ditch, which drained into a perpendicular sewer; that in 1928 the city contracted with the construction company to pave the street in question and construct necessary storm-sewers, catch-basins, and manholes *in accordance with plans furnished by the city;* that the construction company did such construction work *in accordance with the plans adopted by the city,* and *in so doing* built up the sewer into which the surface-water from the street had theretofore drained so as to raise the mouth of the sewer about four feet, converting the open perpendicular drain-sewer into a closed manhole, and leaving no opening into which the surface-water accumulating on the street could drain. As stated in the opinion as rendered by this court, the writer of this dissent being the author of the opinion, the allegations of the petition failed to show any act of negligence done by the servants of the city or by its contractor in the *construction* of the system of drainage, but it affirmatively appeared that the work was done *in accordance with the plans and specifications adopted by the municipal authorities, and that the damage to the plaintiffs resulted from the fact that the plan itself was improper in that it did not provide for an opening in the perpendicular sewer to carry off the surface-water falling in the street.* That action was brought in three counts: (1) that the city in formulating, and the contractor in carrying out, the defective plans and specifications were guilty of negligence; (2) that they had thus created a nuisance; (3) that a right of action had accrued to the plaintiff under the provision of the constitution

of the State of Georgia that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid. The trial court sustained a demurrer to the third count, and overruled the demurrers to the first and second counts. This court held as follows: "The petition for damages, brought jointly against the city and a construction company, alleging that a system of sewer drainage, constructed in accordance with plans and specifications adopted by the municipal authorities, caused an injury by water overflow, failed to set forth a cause of action, either on the theory of negligence or on the theory that the improvements thus constructed constituted a nuisance." Whether the city might be liable for its own action, in thus doing what might amount to a taking of private property for public uses, was not before this court for determination, and was not, therefore, passed upon.

On certiorari the judgment of the Court of Appeals was reversed, the Supreme Court holding in its syllabus as follows: "A general grant of power to grade streets and to establish in connection therewith a system of drainage does not carry with it any right on the part of the municipality to create and maintain a nuisance by causing surface-water to be discharged upon the premises of a private citizen; and he may, when such a thing has been done, maintain against the city an action to recover the damages sustained in consequence thereof." Near the close of the opinion the Supreme Court said: "Applying the doctrine laid down in the cases cited above, the trial court was right in overruling the demurrer to the first and second counts of the petition, and the Court of Appeals erred in reversing that judgment." This ruling of the Supreme Court seems to the writer to be applicable here. The gravamen of the charge in the instant case is that the city formulated and had executed defective plans and specifications for its system of sewer drainage. The gravamen of the plaintiff's complaint in the Milledgeville case, supra, was precisely the same. The defense in both cases was that the city could not be held liable in damages for injuries resulting from the execution of its judgment in the performance of a governmental function. The fact that in the instant case the drainage system was alleged to have been inadequate by reason of the sewer being too small, and the fact that in the Milledgeville case the plans and specifications formulated by the city for drainage

of the street in question did not provide any opening at all at the particular place indicated does not, in my opinion, change the rule announced by the Supreme Court. The Supreme Court does not appear to have in any wise based its opinion in the Milledgeville case on the fact that the city in its plans and specifications for drainage did not provide any opening at the particular place in question rather than that it provided an opening too small. The Supreme Court ruling, as shown by the syllabus quoted, is planted squarely upon the fact that a general grant of power to a city to grade streets and to establish in connection therewith a system of drainage does not relieve it from liability on account of such plans as thus formulated being defective, in that when the plans are carried out a nuisance is created.