23320.   MADDOX *v.* CITY OF ATLANTA *et al.*

DECIDED NOVEMBER 4, 1933.

*Ben C. Williford,* for plaintiff.

*J. L. Mayson, C. S. Winn, J. C. Savage, Pat J. Avery, P. R. T. Duncan,* for defendants.

BROYLES, C. J.   L. W. Maddox brought suit for damages against the City of Atlanta and Tom Avery on account of personal injuries alleged to have been sustained as the result of the negligence of Avery, a policeman of the city, in causing or allowing a motorcycle to run against the plaintiff.   The petition shows that Avery drove his motorcycle into a garage, "knocked the engine out of gear, and was sitting astride thereof while the engine was running at a high and rapid rate of speed," and that while "thusly located and situated, he negligently caused or allowed the clutch to be pushed in and connected the engine with the driving gear of said motorcycle causing the same to shoot and bound forward with great and reckless speed into, upon and over" the plaintiff, injuring him in specified ways.

The defendants filed general and special demurrers to the petition, and the court sustained the general demurrer of the City of

792

Atlanta and dismissed the suit as against the city, and to this ruling the plaintiff excepted.

The petition alleges that "Tom Avery was an officer and agent of the said City of Atlanta, working for it at the time, and acting within the scope of his authority," and specified some of his duties. The petition, however, further shows that Avery was a policeman. It alleges that "petitioner caused to be served upon the defendant, City of Atlanta, written notice of his claim for damages, a copy of which is hereto attached, marked Ex. 'A,' and *made a part hereof for all purposes*" (italics ours). The written notice, which was made a part of the petition for all purposes, avers "that Tom Avery is a *policeman; . . .* that in performing his *duties* he is furnished by the City of Atlanta with a motorcycle;" and "that at all times herein mentioned he was employed by the said City of Atlanta, and *acting within the scope of his authority*" (italics ours). The Civil Code of 1910, § 893, provides that "A municipal corporation is not liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." See also *Cook* v. *Macon*, 54 *Ga.* 468; *McElroy* v. *Albany*, 65 *Ga.* 387 (38 Am. R. 791); *Wilson* v. *Macon*, 88 *Ga.* 455 (14 S. E. 710); *Gray* v. *Griffin*, 111 *Ga.* 361 (36 S. E. 792, 51 L. R. A. 131); *Davis* v. *Rome*, 23 *Ga. App.* 188 (98 S. E. 231).

The petition showing that the injury to the plaintiff was caused by the negligence of Tom Avery, and that at the time of the injury Avery was a "policeman . . . employed by the City of Atlanta, and acting within the scope of his authority," the court properly sustained the general demurrer of the City of Atlanta and dismissed plaintiff's suit as against the city.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*