27556. ROGERS *v.* CITY OF ATLANTA.

DECIDED NOVEMBER 13, 1939. REHEARING DENIED DECEMBER 19, 1939.

*H. A. Allen, Robert B. Blackburn, E. L. Fowler,* for plaintiff.

*J. C. Savage, C. S. Winn, Bond Almand, J. C. Murphy, E. L. Sterne,* for defendant.

MacINTYRE, J. Rogers filed his petition seeking damages against the City of Atlanta for the drowning of his minor child. The allegations in the petition were that there was a heavy rain causing water to pond around a certain sewer in the City of Atlanta, and that the plaintiff's child, while playing in said water, was washed into the sewer and drowned. The defendant filed its demurrers. The judge sustained a number of the special demurrers and struck certain paragraphs of the petition. Thereafter the plaintiff amended his petition and the defendant renewed its demurrers. The judge sustained the general demurrer to the petition as amended and dismissed the petition. In his order the judge pointed out that the two amendments did not meet the objections set out in the demurrer, in that the petition as amended still related to the sewer system as originally constructed, and did not allege any negligence or breach of duty on the part of the defendant in the maintenance of said sewer system at the point referred to in the petition after the original construction of same. To the ruling the plaintiff excepted.

Paragraph 14 of the petition alleged that the defendant was

negligent in maintaining said sewerage or drainage system in that it had allowed dirt, brush, rubbish, and debris to accumulate in the pipes thereof so as to prevent or retard the flow of the water from said street into and through said pipes. This paragraph was demurred to specially upon the ground that it did not allege in said paragraph "what quantity of dirt, brush, rubbish, etc., had accumulated in said sewer nor the period of time for which the same had remained there. Defendant demurs further to said paragraph upon the ground that it is not alleged therein or anywhere in the petition that the defendant, by the exercise of ordinary care, could have known of the accumulation of such debris, and that after such knowledge that the defendant failed to remedy such condition within a reasonable time." The judge sustained the demurrer with leave to amend and allowed fifteen days within which to amend this paragraph "by alleging more specifically the character and extent of the obstructions referred to, . . in default of which the portions of the petition referred to [paragraph 14] will stand as stricken." There was no attempt to amend this paragraph, or at least there was no amendment sufficient to meet the requirement of the judge's order quoted above. No exception was taken to the striking of the paragraph. Therefore, in considering the general demurrer, we will consider this paragraph as having been stricken from the petition and that there is no such paragraph in the petition.

We should not confuse the two separate and distinct principles of law, a cause of action planted upon the law of negligence in failing to exercise due care, and an action for damages planted upon the maintenance of a nuisance. "A nuisance may arise through acts and conduct done within the pale of the law and executed with due care; . . a nuisance is the result of an act which is not wrongful in itself, . ." *City of Macon* v. *Roy, 34 Ga. App.* 603, 606 (130 S. E. 700). Each of these separate and distinct principles of law operates in its own sphere. They do not conflict. The gist of the action in the instant case is not nuisance, but the cause of action here is based upon negligence. The gist of the action here is the failure to exercise due care. The mere allegation that the opening or inlet in the drainage sewer, which was a part of the sewerage system of the City of Atlanta, was too small, when construed most strongly against the pleader, should be construed

in effect as alleging that the act of negligence was an error in the planning of the drainage system and that this act caused the injury. "The duty of a city to maintain its sewerage-drainage system in a good working and sanitary condition is a governmental function." *City Council of Augusta* v. *Cleveland,* 148 *Ga.* 734 (98 S. E. 345). "Municipal corporations shall not be liable for failure to perform, or for errors in performing, their legislative or judicial powers. For neglect to perform, or for improper or unskilful performance of their ministerial duties, they shall be liable." Code, § 69-301. "It is now settled in this State that, where the legislature delegates governmental authority to a municipal corporation, the municipality is not liable to private individuals for any error in performing legislative or judicial powers. The adoption by a municipal corporation of a plan for grading the streets and sidewalks of a city is a quasi-judicial act, and, if the plan adopted be erroneous, the city can not be held liable to a private person who is injured thereby. If the execution of this plan—the construction of the pavement—be unskilful or negligent, the city would be liable; for the construction would be a ministerial duty." *City Council of Augusta* v. *Little,* 115 *Ga.* 124 (41 S. E. 238). "'The duties of municipal authorities in adopting a general plan of drainage, and in determining when, where, and of what size and at what level drains or sewers shall be built, are of a quasi-judicial nature, involving the exercise of deliberate judgment and wide discretion; and the municipality is not liable for an error of judgment on the part of the authorities in locating or planning such improvements.'" *Harrison Company* v. *Atlanta,* 26 *Ga. App.* 727 (107 S. E. 83).

The petition here does not allege the negligent failure to keep in repair or maintain the sewer or its drains, or negligence in allowing the sewer to become obstructed. The effect of the petition as amended is merely to allege negligence in connection with the size and location of the inlet or opening into the sewer, and it does not allege "negligent construction" of the sewer or the inlet, but only that the opening or inlet into the sewer was too small. There is no sufficient allegation that the inlet was the result of "negligent construction." If the basis of the suit was the "negligent construction" of the inlet, even though it was the size called for by the plans and specifications of the draining system, upon being called for by demurrer the petition should have alleged what act or acts consti-

tuted the negligence, that is, how and in what manner the construction was negligent. The petition construed as a whole and most strongly against the pleader, as it must be, shows that it was the size of the sewerage inlet or opening, and not any "negligent construction" thereof, that caused the damage. The petition was therefore properly dismissed on demurrer for the reason that the municipality is not liable for damages to persons resulting from the judgment on the part of the authorities in locating or planning a general plan of drainage for the city.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*