32625. THE CITY COUNCIL OF AUGUSTA *v.* WILLIAMS.

DECIDED MARCH 9, 1950.

*Fulcher & Fulcher*, for plaintiff in error.

*C. Wesley Killebrew*, contra.

FELTON, J. Nathan Williams filed his petition against The City Council of Augusta, seeking the recovery of damages and alleging that the defendant, a municipal corporation, has by law imposed upon it, among other things, the duty of providing proper drainage of its streets, and in so doing provided a sewerage system on Gwinnett Street within the corporate limits, and, at or near the intersection of Gwinnett and Tenth Streets, constructed a manhole to take away excess water from Gwinnett Street; that for several months prior to September 6, 1948, The City Council of Augusta, in exercising a ministerial duty, failed to maintain said manhole and drains in such condition so that same would not become clogged and choked; that on September 6, 1948, there came an ordinary rainfall and with said manhole and drains choked and clogged with debris, the water that collected upon the surface of the street overflowed on and into the premises of the plaintiff, who operated a beauty parlor on Gwinnett Street, thereby damaging certain property therein; that the overflow of water into the property of the plaintiff was the result of The City Council of Augusta having failed to exercise ordinary care in providing for the manhole and drains to be in such condition as would carry off the water from the street. Notice to the defendant of such condition, and that the defendant, in the exercise of ordinary care, could and should have anticipated the failure of said drains in taking and carrying off such surface water, and demand for payment were also alleged. The City Council of Augusta filed its general demurrer to the plaintiff's petition on the ground that no cause of action was set forth because the alleged damage was sustained through the

construction and maintenance of a sewerage and drainage system, which is a governmental function, and for which there was no legal liability imposed upon it in an action predicated on negligence as in this case. The general demurrer was overruled and the action of the trial judge in overruling the demurrer is here assigned as error.

The allegations in the petition show that the plaintiff's action is based on negligence alone, such alleged negligence being on the part of the defendant in failing to maintain its sewerage-drainage system in proper working order so as to carry off surface water accumulated on a city street during a normal rainfall, thereby causing surface water to flow upon the premises of the plaintiff and injure his property. In an effort to clarify the apparent confusion existing as to the question involved this court certified it to the Supreme Court which answered that the maintenance of a drainage system by a municipality is a governmental function. *City Council of Augusta* v. *Williams*, 206 *Ga.* 558 (57 S. E. 2d, 593). Since the function of maintaining a drainage system is governmental, at least as to this case, in view of the answer to the certified question, and no nuisance is involved, the rulings in *Foster* v. *Savannah*, 77 *Ga. App.* 346 (48 S. E. 2d, 686), and cases cited therein are controlling.

The court erred in overruling the general demurrer to the plaintiff's petition.

*Judgment ·reversed. Sutton, C. J., and Worrill, J., concur.*