37815. SHEEHAN *v.* RICHMOND COUNTY.

DECIDED OCTOBER 22, 1959.

*Isaac S. Peebles, Jr., Jay M. Sawilowsky,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, Frank Pierce,* contra.

QUILLIAN, Judge. Traps constructed along the course of a highway are concrete outlets that serve to expel water that accumulates in places along the highway. Where, as in this case, the Highway Department so constructed one of these traps that a large increase in the volume of surface water was caused to flow upon, and damage the plaintiff's property, this constituted a damaging and taking of private property for public purposes within the purview of the Constitution. The continuous channeling of the surface water across the property to its damage, amounts to the taking of an easement over the lands, and is in the contemplation of the Constitution the taking, as well as the damaging of private property. Art. I, Sec. 3, Par. 1, Constitution of Georgia (Code § 2-301).

It is clear that if the plaintiff's property adjoined the highway and was at a lower elevation the State could not channel or cast large quantities of collected surface water upon it. *Hendrix v. McEachern,* 164 *Ga.* 457 (139 S. E. 9); *Ringler v. Folsom,* 209 *Ga.* 549 (74 S. E. 2d 661).

The question now resolves into whether or not the fact that third parties occupy property between the highway and the

plaintiff's property affects his right to recover for the damaging and taking of his property by the Highway Department. Judge Simmons recognized the possible problem in *Austin* v. *Augusta Terminal Ry. Co.*, 108 *Ga.* 671, 678 (34 S. E. 852, 47 L. R. A. 755): "Under the old cases there had to be a *physical taking;* under the present constitution there must be a *physical damage.* The property need not abut on the street, or be immediately contiguous to the railroad; it may be at a distance from the point where the injury is occasioned; but it must appear that plaintiff has some right, some user, some interest, which has been wholly or partially destroyed, before there can be a recovery." A similar case to the instant case is *Clarke County School District* v. *Madden*, 99 *Ga. App.* 670 (110 S. E. 2d 47), which allowed a recovery for excessive surface water flowing from a graded school yard. Though the school yard did not adjoin the damaged property, the court held that the plaintiff could recover for damages resulting from the excessive water above normal flow of surface water across his property.

The right of the plaintiff, as alleged in the petition, is under the constitutional provision requiring adequate compensation for property taken or damaged for a public purpose. A method for bringing suit against the State is provided in Code (Ann.) § 95-1710. A county in which the property lies is a proper party, as the law prescribes that the State shall defend. *Taylor* v. *Richmond County*, 185 *Ga.* 610 (196 S. E. 37); *Hardin* v. *State Highway Board*, 185 *Ga.* 614 (196 S. E. 40); *Waters* v. *DeKalb County*, 208 *Ga.* 741 (2) (69 S. E. 2d 274); *Davis* v. *City of Barnesville*, 80 *Ga. App.* 3 (54 S. E. 2d 915).

The petition is not so vague and indefinite as to be subject to general demurrer. It is true the description of the property damaged is not such as might be appropriate in drafting a deed, but it identifies the property and gives its location, so that the defendant is informed of all facts necessary in the preparation of its defense.

The facts alleged in the petition sufficiently show the construction of the improvements on the highway were the proximate cause of the damage to the plaintiff's property.

None of the arguments of the defendant that the petition failed

to set forth a cause of action are tenable, and a careful review of the cases cited in its splendid brief are not authority for a contrary view to that expressed in this opinion.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*