43329. FOSTER v. CROWDER et al.

SUBMITTED JANUARY 8, 1968—DECIDED APRIL 2, 1968.

*Carnes, Dillon & White, Tom Dillon,* for appellant.
*Henry L. Bowden, Thomas F. Choyce,* for appellees.

EBERHARDT, Judge. ■ The construction, installation and maintenance of a sewer-drainage system (including that for surface water) is a governmental function of the city. *City Council of Augusta v. Cleveland,* 148 Ga. 734 (98 SE 345); *Bass Canning Co. v. MacDougald Constr. Co.,* 174 Ga. 222 (162 SE 687); *City Council of Augusta v. Williams,* 206 Ga. 558 (57 SE2d 593); *Barr v. City Council of Augusta,* 206 Ga. 750 (58 SE2d 820); *Harrison Co. v. City of Atlanta,* 26 Ga. App. 727 (107 SE 83); *Lewis v. City of Moultrie,* 27 Ga. App. 757 (110 SE 625); *City of Atlanta v. Robertson,* 36 Ga. App. 66 (135 SE 445); *City of Atlanta v. Key,* 42 Ga. App. 214 (155 SE 499); *Neese v. City of Atlanta,* 45 Ga. App. 376 (165 SE 165); *Rogers v. City of Atlan-*

*ta,* 61 Ga. App. 444 (6 SE2d 144); *Foster v. Mayor &c. of Savannah,* 77 Ga. App. 346 (48 SE2d 686); *City Council of Augusta v. Williams,* 81 Ga. App. 132 (58 SE2d 208); *City of Douglas v. Cartrett,* 109 Ga. App. 683 (137 SE2d 358). "It seems well settled in this State that in the negligent performance of its governmental duties a municipal corporation is not liable in damages to one who is injured while the municipality is engaged in the performance of such duties."[1] *Mayor &c. of Savannah v. Jones,* 149 Ga. 139, 141 (99 SE 294). And see *Love v. City of Atlanta,* 95 Ga. 129 (22 SE 29, 51 ASR 64); *Nisbet v. City of Atlanta,* 97 Ga. 650 (25 SE 173); *Roberts v. Mayor &c. of Savannah,* 54 Ga. App. 375 (188 SE 39); *Code* § 69-301. This governmental immunity from liability extends to the use of motor vehicles in connection with the performance or accomplishment of the governmental function. *Watson v. City of Atlanta,* 136 Ga. 370 (71 SE 664); *McCrary v. City of Rome,* 29 Ga. App. 384 (115 SE 283); *Maddox v. City of Atlanta,* 47 Ga. App. 791 (171 SE 573); *City of Brunswick v. Volpian,* 67 Ga. App. 654 (21 SE2d 442), and compare *Love v. City of Atlanta,* 95 Ga. 129, supra. See McQuillin, The Law of Municipal Corporations (3d Ed.) Vol. 18, p. 239, § 53.45.

As to the City of Atlanta the dismissal of the action was proper.

■ It does not follow, however, that the servant or employee who committed the negligent act resulting in injury enjoys the governmental immunity of his employer. "[A]n employee[2] who

---

[1] There have been many calls for some provision whereby a citizen injured by the negligent acts of his government's agents in the performance of a governmental function might have redress, a matter addressing itself to the General Assembly. See *McCoy v. Sanders,* 113 Ga. App. 565, 571 (148 SE2d 902). Relief is provided in those instances when the governmental unit has elected to provide it under *Code Ann.* § 56-2437.

[2] Officers in the performance of administrative, legislative or judicial functions can be held only for malicious, corrupt, oppressive or unauthorized action. *Code* § 69-208; *Pruden v. Love,* 67 Ga. 190; *Calhoun v. Little,* 106 Ga. 336 (32 SE 86, 43 LRA 630, 71 ASR 254); *Plunkett's School for Boys v. City of Thomasville,* 178 Ga. 625 (2a, 3) (173 SE 656).

commits a wrongful or tortious act violates a duty he owes to the one who is injured and is personally liable, even though his municipal·employer may be exempt from liability under the doctrine of governmental immunity." McQuillin, The Law of Municipal Corporations, (3d Ed.), Vol. 4, p. 154, and p. 59 of 1967 Supp., § 12.211; *Maddox v. City of Atlanta,* 47 Ga. App. 791, supra; *Thomas v. Williams,* 105 Ga. App. 321 (124 SE2d 409); *Poole v. City of Louisville,* 107 Ga. App. 305 (130 SE2d 157). Cf. *Trice v. Wilson,* 113 Ga. App. 715 (2) (149 SE2d 530). As to the defendant Crowder, the petition does state a claim upon which relief can be granted and it was error to dismiss as to him.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Whitman, J., concur.*