50082. TURK et al. v. CITY OF ROME.

WEBB, Judge.
Adolph and Geneva Turk filed suit against the City of Rome, a municipal corporation, alleging that on April 28, 1972, the city's workmen dug a ditch from abutting property onto their property; that in the process the workmen cut down a portion of plaintiff's hedge and destroyed a part of their wire fence running across the rear of the property, damaging them in a stated amount; that as a direct result of the negligent construction of the ditch, the plaintiffs sustained damage in a stated amount on May 3, 1972, when a thunderstorm caused surface water to gush down the ditch destroying their garden, damaging equipment and supplies stored in the carport,

and depositing mud and silt on their yard, and that they suffered further damage in the form of decrease in property value.

Defendant served interrogatories upon plaintiffs, and from plaintiffs' answer it appears that no ditch existed prior to April 28, 1972; that except for occasional and minor accumulation of water in the carport, no water problems were suffered prior to April 28; that the ditch dug on April 28 "begins 20 feet beyond plaintiffs' property at the junction of two other ditches which in turn begin at culverts on Maplewood Drive. Said ditch extends 10 feet onto plaintiffs' property"; that the "type" of ditch was "drainage and sewerage"; that the purpose of the ditch was to carry excess water onto plaintiffs' property; and that the plaintiffs suffered water damage when it rained on subsequent occasions.

On this record the trial court granted summary judgment to the city, and plaintiffs appeal. *Held:*

1. "The construction, installation and maintenance of a sewer-drainage system (including that for surface water) is a governmental function of the city. *City Council of Augusta v. Cleveland,* 148 Ga. 734 (98 SE 345); *Bass Canning Co. v. MacDougald Constr. Co.,* 174 Ga. 222 (162 SE 687); *City Council of Augusta v. Williams,* 206 Ga. 558 (57 SE2d 593); *Barr v. City Council of Augusta,* 206 Ga. 750 (58 SE2d 820); *Harrison Co. v. City of Atlanta,* 26 Ga. App. 727 (107 SE 83); *Lewis v. City of Moultrie,* 27 Ga. App. 757 (110 SE 625); *City of Atlanta v. Robertson,* 36 Ga. App. 66 (135 SE 445); *City of Atlanta v. Key,* 42 Ga. App. 214 (155 SE 499); *Neese v. City of Atlanta,* 45 Ga. App. 376 (165 SE 165); *Rogers v. City of Atlanta,* 61 Ga. App. 444 (6 SE2d 144); *Foster v. Mayor &c. of Savannah,* 77 Ga. App. 346 (48 SE2d 686); *City Council of Augusta v. Williams,* 81 Ga. App. 132 (58 SE2d 208); *City of Douglas v. Cartrett,* 109 Ga. App. 683 (137 SE2d 358). 'It seems well settled in this State that in the negligent performance of its governmental duties a municipal corporation is not liable in damages to one who is injured while the municipality is engaged in the performance of such duties.' *Mayor &c. of Savannah v. Jones,* 149 Ga. 139, 141 (99 SE 294). And see *Love v. City of Atlanta,* 95 Ga. 129 (22 SE 29, 51 ASR 64); *Nisbet v. City of Atlanta,* 97

Ga. 650 (25 SE 173); *Roberts v. Mayor &c. of Savannah,* 54 Ga. App. 375 (188 SE 39); Code § 69-301." *Foster v. Crowder,* 117 Ga. App. 568, 569 (161 SE2d 364). Accord, *City Council of Augusta v. Cleveland,* 148 Ga. 734 (1) (98 SE 345).

2. "But the fact that in the instant case the plaintiff may have made a fruitless effort to lay a charge of negligence upon the city with regard to matters covered by its exemption from liability [Code § 69-301] ought not to defeat an otherwise well-stated cause of action. . . The allegations that negligence or errors were committed in. the exercise of the governmental function do not help the cause, but, not being germane, will be treated as surplusage, so as not to destroy it. *It is unnecessary for a plaintiff to name or classify the cause of action relied on,* but the test of the sufficiency of the petition as against a general demurrer is whether the defendant can admit all the allegations made and escape liability." *City of Atlanta v. Due,* 42 Ga. App. 797, 803 (157 SE 256). (Emphasis supplied.)

3. Even though the construction, installation and maintenance of a sewer-drainage system, including that for surface water, is a governmental function, a municipal corporation can nevertheless be held liable with respect to these activities on the theory of nuisance (*Reid v. City of Atlanta,* 73 Ga. 523; *Smith v. City of Atlanta,* 75 Ga. 110; *Maguire v. City of Cartersville,* 76 Ga. 84; *Mayor & Council of Brunswick v. Tucker,* 103 Ga. 233 (29 SE 701); *Holmes v. City of Atlanta,* 113 Ga. 961 (39 SE 458); *Massengale v. City of Atlanta,* 113 Ga. 966 (39 SE 578); *Mulligan v. City Council of Augusta,* 115 Ga. 337 (41 SE 604); *Langley v. City Council of Augusta,* 118 Ga. 590 (8-10) (45 SE 486); *Holbrook v. Town of Norcross,* 121 Ga. 319 (48 SE 922); *Mayor &c. of Milledgeville v. Stembridge,* 139 Ga. 692 (78 SE 35); *Bass Canning Co. v. MacDougald Const. Co.,* 174 Ga. 222 (162 SE 687); *City of Rome v. Brown,* 184 Ga. 34 (190 SE 787); *DeKalb County v. McFarland,* 223 Ga. 196 (154 SE2d 203); *Baranan v. Fulton County,* 232 Ga. 852 (209 SE2d 188); *Harris v. City of Rome,* 10 Ga. App. 409 (73 SE 532); *City of Atlanta v. Holcomb,* 20 Ga. App. 601 (93 SE 259); *Lewis v. City of Moultrie,* 27 Ga. App. 757 (110 SE 625); *City of Albany v.*

*Jackson,* 33 Ga. App. 30 (125 SE 478); *City of Macon v. Macon Paper Co.,* 35 Ga. App. 120 (132 SE 136); *City of Macon v. Douglas,* 45 Ga. App. 798 (165 SE 922); *Cannon v. City of Macon,* 81 Ga. App. 310 (58 SE2d 563); *City of Macon v. Cannon,* 89 Ga. App. 484 (79 SE2d 816); *City Council of Augusta v. Thorp,* 103 Ga. App. 431 (119 SE2d 595); *Gleaton v. City of Atlanta,* 131 Ga. App. 399 (206 SE2d 46)), and on the theory of taking or damaging for public purposes without just and adequate compensation being first paid. Constitution Art. I, Sec. III, Par. I (Code Ann. § 2-301); *City of Atlanta v. Word,* 78 Ga. 276; *Mayor &c. of Albany v. Sikes,* 94 Ga. 30 (20 SE 257); *Barfield v. Macon County,* 109 Ga. 386 (34 SE 596); *Langley v. City Council of Augusta,* 118 Ga. 590, 598 (45 SE 486); *DeKalb County v. McFarland,* 223 Ga. 196 (154 SE2d 203); *City of Albany v. Jackson,* 33 Ga. App. 30 (125 SE 478); *City of Atlanta v. Due,* 42 Ga. App. 797, supra; *Gwinnett County v. Allen,* 56 Ga. App. 753 (194 SE 38); *Clarke County School District v. Madden,* 99 Ga. App. 670 (110 SE2d 47); *Sheehan v. Richmond County,* 100 Ga. App. 496 (111 SE2d 924); *Baranan v. Fulton County,* 232 Ga. 852, supra. See also *Ammons v. Bolick,* 233 Ga. 324 (210 SE2d 796).

4. While the City has carried its burden of demonstrating that the activity in question is a governmental function, it has not, under the authorities cited in Division 3, carried its burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law with respect to the theories of nuisance and of taking or damaging for public purposes without just and adequate compensation being first paid. Consequently the grant of summary judgment as to the whole case must be reversed.

*Judgment reversed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED JANUARY 7, 1975 — DECIDED JANUARY 24, 1975 —
REHEARING DENIED FEBRUARY 7, 1975 — ■

*Robert J. Evans,* for appellants.

*Robert M. Brinson,* for appellee.