### 14206. CITY OF ALBANY *v.* MACLIN.

A municipality is not liable for damage to property resulting from an error of judgment of its proper officials in planning a sewerage-drainage system for the city, or in altering the plan first adopted.

DECIDED APRIL 10, 1923.

Action for damages; from city court of Albany — Judge Clayton Jones. December 15, 1922.

This was a suit against the City of Albany for damage to property alleged to have been caused by the overflow of water upon the property. The petition alleged that the city had constructed, as a part of its sewerage-drainage system, a cesspool, or drain pool, of the depth of twenty-four feet; that this pool served as a temporary storage place for the water and sewerage in that immediate section of the city; that the city had also constructed, adjoining the pool, and as a part of its sewerage-drainage system, a pumping house, fitted with pumping machinery, for the purpose of emptying the water from the pool into the sewers of the city, and that the pumping machinery consisted of " an electric motor of approximately the size of 24 horse-power to operate the said pump;" that a drain valve was located in the floor of the pumping house, " opening into a pipe connected with the cesspool, to drain the water from the pumping house;" that the electric motor was burned out and became unfit for service, whereupon it was taken out to be repaired, and it was out when the damage sued for occurred; that a gasoline Ford motor of less than half the power [ ?] was installed to operate the pump; that while the gasoline motor was in use, the pool, " during some very hard rain, but not unprecedented," overflowed with water which flowed upon the plaintiff's property and caused the injury sued for. The petition alleged also: " The particular acts and wrongs of said city, through its officers, agents, and employees, constituting the proximate cause

of the injury complained of aforesaid are as follows: (a) Defectively constructing said pumping house and said cesspool, so as to allow the water to seep through the common wall of the said cesspool and pumping house, thereby causing damage to the electric motor which furnished the power for the pump, and putting it out of commission and making it unfit to perform the service for which it was installed. (b) Negligence in leaving the drain valve or cap of the pumping house open so as to allow the water from the cesspool to flow into the pumping house and causing the damage to the electric motor described in paragraph (a) above. (c) In starting said motor while the same was under water, or immediately just after the water had been drained, or before the coils were sufficiently dry so that the same could be operated without damage. (d) The negligent or unskilful manner in which the work of making the said pump-house, which constituted part of the drainage system, was executed, and negligence in failing to keep it in repair, whereby unnecessary damage was done to complainant's property. (e) Negligence in not repairing the said electric motor within a reasonable time after it was burned out aforesaid. (f) Negligence in replacing the regular motor with a Ford gasoline motor of insufficient size and capacity which was inadequate in event of hard rains. (g) Negligence in not keeping said pumping machinery in operation during and through the period of time scheduled above. (h) Negligent maintenance and repair and unskilful operation of said drainage system so as to cause the cesspool to overflow and damage complaint's property (i) In not repairing said condition prior to said damage, which was frequently called to the attention of the city and demand made for its correction, and allowing the same to continue for an unreasonable and unnecessary time."

General and special demurrers to the petition were overruled, and, after the introduction of evidence, a verdict was rendered in favor of the plaintiff. The defendant excepted to the overruling of its demurrers and of its motion for a new trial.

*James Tift Mann,* for plaintiff in error.

*Lippitt & Burt,* contra.

BROYLES, C. J. (After stating the foregoing facts.) In our view of the case it is necessary to consider only the exception to the judgment upon the demurrers. While the petition charged

that the defendant was negligent in nine particulars, and that all of these particulars constituted the proximate cause of the injury sued for (nearly all of these allegations of negligence, however, were subject to the special demurrers interposed), the petition, properly construed (as a whole and most strongly against the plaintiff), clearly shows that the direct and proximate cause of the plaintiff's damage was the substitution of the gasoline motor, which was insufficient in power to do the work for which it was intended. It is not shown by the petition, nor even alleged therein, that this motor was defectively constructed or negligently operated, but merely that it was not powerful enough to do the pumping work in the pumping house. It therefore is obvious that the direct and proximate cause of the damage sued for (which occurred while the gasoline motor was being used) was the substitution of the gasoline motor for the electric motor, and it is clear, from the facts of the case, as disclosed by the petition, that this substitution was an *error of judgment* of the proper officials of the city, made in the performance of a duty devolving upon them in the exercise of a *governmental function* of the municipality, and, therefore, that the city was not liable for any damage caused by such an error. In *Harrison Co.* v. *City of Atlanta, 26 Ga. App.* 727 (107 S. E. 83), the proximate cause of the damage to the property sued for was a " sewer-eye " (in the street adjacent to the plaintiff's property), which was too small to carry off the rainwater in the street, and this court there held: " If the sewer-eye was too small, this was not the result of 'negligent construction,' but was an error in the plan, involving the exercise of judgment and discretion, for which the municipality would not be liable." See also the many authorities cited and quoted from in the *Harrison* case.

The fact that in the instant case the error of judgment of the city officials occurred in an *alteration* of the original plan of the city's sewerage-drainage system presents no good reason for an exception to the rule.

The error in overruling the general demurrer to the petition rendered the further proceedings in the case nugatory.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*