### 30431. JOHNSTON *v.* CITY OF ATLANTA.

DECIDED SEPTEMBER 19, 1944.

*Claud F. Brackett, Roy S. Drennan,* for plaintiff.

*J. C. Savage, E. L. Sterne, J. C. Murphy, Bond Almand,* for defendant.

MACINTYRE, J. Construing the petition most strongly against the pleader, which we are required to do on general demurrer, it alleges in effect the construction of a general sewerage system in accordance with a general plan of draining sewers in the city. The petition also alleged that as a part of and in accordance with this general plan, there was an opening or an inlet into one of its sewers through which surface water flowed and was carried away; that "around said opening or inlet in this sewer [was located] a certain water-trap or catch basin in the form of a square, with a wall about three feet high on three sides thereof," which served as a catch basin or water-trap to catch or guide the water which entered this basin from the other or fourth side thereof; that subsequently this component part of the general sewerage system was changed and the wall around the three sides of said opening was reduced, and a grate or grill was placed over the reduced opening, presumably to prevent trash or any substance which might clog or stop up the sewer from entering therein.

It seems to us that the substitution of a new opening into the sewer was only an error of judgment on the part of the proper officials of the city, made in the performance of their duty to maintain the city's sewerage-drainage system in good working order and in a sanitary condition. Thus the act of changing the sewer was a governmental function and the city would not be liable. "'It is now settled in this State that, where the legislature delegates governmental authority to a municipal corporation, the municipality is not liable to private individuals for any error in performing legislative or judicial powers. The adoption by a municipal corporation of a plan for grading the streets and sidewalks of a city is a quasi-judicial act, and, if the plan adopted be er-

roneous, the city can not be held liable to a private person who is injured thereby. If the execution of this plan—the construction of the pavement—be unskillful or negligent, the city would be liable; for the construction would be a ministerial duty.' *City Council of Augusta v. Little,* 115 Ga. 124 (41 S. E. 238). 'The duties of municipal authorities in adopting a general plan of drainage, and in determining when, where, and of what size and at what level drains or sewers shall be built, are of a quasi-judicial nature, involving the exercise of deliberate judgment and wide discretion; and the municipality is not liable for an error of judgment on the part of the authorities in locating or planning such improvements.' *Harrison Company v. Atlanta,* 26 Ga. App. 727 (107 S. E. 83)." *Rogers v. Atlanta,* 61 Ga. App. 444, 446 (6 S. E. 2d, 144).

The fact that, in the instant case, the error of judgment of the city officials occurred in an alteration of the original plan of the city's sewerage-draining system presents no good reason for an exception to the general rule. *City of Albany v. Maclin,* 30 Ga. App. 119, 121 (117 S. E. 100).

Construed as a whole, the petition shows that it was the size of the sewer inlet or opening, and not any "negligent construction" thereof that caused the damage; and the petition was properly dismissed on demurrer, for the reason that the municipality is not liable for damages resulting from an error of judgment on the part of its authorities in locating or planning a general system of drainage for the city.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*