30961. GILBERT HOTEL NO. 4 INC. v. JONES.

Decided September 19, 1945.

821

*Pierce Brothers, Andrew A. Smith,* for plaintiff.

*Hammond, Kennedy & Yow,* for defendant.

PARKER, J. The order of the trial court sustaining the demurrer and dismissing the action contains these recitals: "In none of the contracts attached as exhibits to the petition did the de-

fendant ever assume any obligations or agree to discharge or carry out any contract or obligation existing between the Haileys and the plaintiff;" and "The defendant is in no wise connected with any obligations running from the Haileys to plaintiff." It is true that the first contract between the Haileys and Jones recites that the Haileys are "to employ the second party (Jones) as their agent, operator, and manager in the operation of said hotel in accordance with terms and conditions of franchise or agreement made by said first parties with the said Gilbert Hotel No. 4." This recital is the only provision that we have found in either of the contracts which might be construed as imposing on the defendant an obligation to account to the plaintiff, and we do not think that it is sufficient. "An accounting may be had at law," and this is a legal action. *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538). The defendant took complete possession, custody, and control of the hotel under the contracts with the Haileys, after purchasing from them all personal property and effects in the hotel, but he did not expressly assume any monetary obligations to the plaintiff. Whether or not the defendant's course of action would make him liable to the plaintiff in a suit in equity for an equitable accounting, we do not decide. In passing on a general demurrer the allegations of the petition attacked by the demurrer will be construed most strongly against the pleader. *Johnston* v. *Atlanta,* 71 *Ga. App.* 552 (31 S. E. 2d, 417). "Allegations of matters vitally essential to set up a good cause of action will not be implied from the pleading, but must be distinctly made therein." *Evans* v. *Dickey,* 50 *Ga. App.* 127 (177 S. E. 87). Under these well-settled rules of law, we think, as did the trial judge, that the plaintiff failed to state a cause of action against the defendant, and the general demurrer to the petition was properly sustained.

*Judgment affirmed. Sutton, P. J., concurs. Felton, J., concurs in the judgment.*