## GILBERT HOTEL, INC., NO. 4, v. JONES.

### No. 11613.

Circuit Court of Appeals, Fifth Circuit.

Oct. 25, 1946.

Benj. E. Pierce and Wallace B. Pierce, both of Augusta, Ga., and Andrew A. Smith, of Atlanta, Ga., for appellant.

F. Frederick Kennedy, of Augusta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

On the pleadings and on an uncontradicted affidavit of appellee Jones, a summary judgment was granted against appellant. Appellant's complaint alleged a lease in 1937 for fifteen years by Jones to it covering certain stories of the Leonard Building in Augusta, Ga., and an ouster in 1939 by Jones by his procuring certain contracts from persons who were operating the leased property as a hotel for appellant, getting possession from them, and

now operating it himself in disregard of petitioner's rights. $25,000 damages were claimed for the ouster. In answer to a plea of the four year statute of limitations as to suits for trespass to realty, an amendment of the complaint was allowed to the effect that the final ouster took place in 1944 when Jones, who was then paying appellant a percentage of gross receipts from the hotel according to the contracts, refused to pay any further and thereby ousted appellant from any rights as to the property. The answer among other things denied any ouster, and alleged that appellant consented to Jones taking over a contract about operating the hotel made by the appellant with Frank and Lula Ann Hailey; it alleged that that contract had amounted to an assignment of the lease which cancelled it; and set up as a bar by election of remedies a suit which appellant had brought and lost (Gilbert Hotel No. 4, Inc. .v. Jones, 72 Ga.App. 819, 35 S.E.2d 304), which had sought an account from Jones under the operating contract. On the motion for summary judgment, the lease, the operating contract between appellant and the Haileys, and the contracts for the sale of it and the hotel furniture made by the Haileys to Jones, and the petition in the suit for account brought against Jones were in evidence, with an affidavit of Jones that appellant had advised and consented to his purchasing the interests and assets of the Haileys, that neither appellant nor the Haileys had since paid him any rent, nor had appellant ever contended that Jones was wrongfully in possession or demanded possession from him. Among the reasons or findings on which the summary judgment was granted are these: that the amended complaint did not state a claim on which relief could be granted, and that no ouster by Jones was shown.

These grounds for the judgment are well taken. The fifteen year lease was under Georgia law an estate for years in realty. Ga.Code, § 85-801. It reserved a monthly rental, but did not provide for forfeiture on mere non-payment, but that default would not exist till five days after telegraphic demand, which does not appear ever to have been made. The lease permits transfer of it to a corporation controlled by the lessee, but not otherwise. Again, there is no provision for forfeiture. See 32 Am.Jur., Landlord and Tenant, § 848. The contract with the Haileys was not, however, a transfer of the lease, but a sale of furniture owned by appellant, and an arrangement whereby the Haileys were to operate the hotel for appellant on a division of profits, depositing the rent due Jones each month in the Georgia Railroad Bank in Augusta. When Jones with appellant's consent bought the furniture from the Haileys together with all their rights in the hotel under their contract with appellant, he did not assume any direct obligations to appellant, but did agree to deposit separately in the bank from the receipts from the hotel operations the rents for the building in the name of Johnny J. Jones, Manager, Gilbert Hotel No. 4, Inc. It may be inferred that he has done this, or has retained the rents without formal deposit of them. There is no proof that the earnings of the hotel failed to pay the rent. Neither the Haileys nor · Jones on this record ever acquired a transfer of the lease; nor is it shown to have been forfeited or surrendered. But we think there is no evidence that Jones has committed any tortious ouster. His possession under his contract, consented to by appellant, is not wrongful. · Appellant has never demanded possession. The disagreement about the division of profits or other monetary demands is not a tortious ouster by Jones. The facts alleged in the amended complaint, aside from the legal conclusion, do not make an ouster but at most a breach of another contract. Nor does the evidence show an ouster otherwise.

Judgment affirmed.

HUTCHESON, Circuit Judge (concurring specially).

I agree that there is no evidence that Jones has committed any tortious ouster and that the judgment should be affirmed for that reason. It is quite clear to me, though, that the judgment ought to be affirmed for another and a more conclusive reason. This is that the affidavit of Jones, which was not controverted or in any manner qualified or explained away, shows beyond question that plaintiff and defendant

have long since by mutual understanding and conduct consistent with that understanding effected a surrender and termination of the lease on which plaintiff sues.