**GODDARDS, LTD., Plaintiffs**

**v.**

**LAWRENCE F. MITNICK and**
**FRANK DEL ROCCO, Defendants**

Civil No. 98-1960

Municipal Court of St. Thomas and St. John

September 22, 1960

DUDLEY, HOFFMAN and MC GOWAN (GEORGE H.T. DUDLEY, ESQ., of counsel), *for plaintiff*

CROXTON WILLIAMS, ESQ., *for defendant Mitnick*

COX and BORNN (MRS. EDITH L. BORNN of counsel), *for defendant Del Rocco*

MICHAEL, *Municipal Judge*

This is an action for restitution of business premises held under a lease, which lease the plaintiff seeks to cancel on the grounds of violation by the defendants of paragraphs 1 and 2 of said lease, namely, (1) default in the payment of rent, and (2) failure to insure against public liability.

Inasmuch as there are other provisions in the lease to which reference will be made by the court, the lease is hereby set out in full:

138

## "L E A S E

"THIS INDENTURE made this 20th day of January 1958, by and between GODDARDS, LTD., a corporation organized under the laws of the Virgin Islands (hereinafter called the Lessor), and LAWRENCE F. MITNICK and FRANK DEL ROCCO, both of St. Thomas, Virgin Islands (hereinafter called Lessees),

## "WITNESSETH:

"That for and in consideration and of the payment of the rent reserved herein and the covenants of the Lessor and Lessees hereinafter set forth, Lessor hereby leases to Lessees for a period of four (4) years and six (6) months, commencing January 1, 1958, and expiring on May 31, 1962, the premises known as 'The Pink Barrel' and storeroom located in the rear of 'The Pink Barrel', being the premises presently occupied by the night club and restaurant known as 'The Pink Barrel' and located at No. 78–79 Kronprindsens Gade, Charlotte Amalie, St. Thomas, Virgin Islands, to be used by Lessees as a restaurant and night club, subject to the following express covenants and agreements; (Lessees agree to use no open flames and all cooking shall be done by means of an electric rotisseromat).

"1. Lessees shall pay Lessor an annual rental of One Thousand Eight Hundred ($1,800.00) Dollars in monthly installment of One Hundred and Fifty ($150.00) Dollars per month payable in advance in the first day of each month. In the event Lessees are in default for a period of thirty (30) days or more, Lessor at its option may cancel this lease by serving Lessees notice in writing and repossess the premises.

"2. Lessees shall save Lessor harmless from any and all claims for damages arising from the activity of Lessees on said premises, and Lessees agree to carry for the benefit of Lessor public liability insurance in the amounts of Fifty Thousand ($50,000.00) Dollars and One Hundred Thousand ($100,000.00) Dollars. The original of such policies shall be delivered to the Lessor within thirty (30) days and Lessees shall also furnish receipts for the premiums paid in connection with said policies.

"3. In the event of total destruction of the premises, this lease shall terminate and Lessees shall not be liable for the payment of any further rent.

"4. In the event of partial damage to said premises, Lessor shall have the option of making the necessary repairs, and pending such

139

repairs the rent set forth herein shall abate proportionately to the area of the property damaged and unavailable to Lessees for use pending such repairs.

"5. Lessees shall have an option to renew this lease for an additional five-(5) year period commencing May 31, 1962, provided the Lessor is able to secure a new lease for such period with the owner of the premises. Such option shall be exercised by notice in writing ninety (90) days prior to May 31, 1962, and the rent payable for this option period by Lessees to Lessor shall be at the rate of One Hundred Seventy-Five ($175.00) Dollars per month.

"6. Lessor covenants to Lessees the quiet enjoyment of the leased premises for the term herein.

"7. Lessees shall not assign or sublet the whole or any part of this lease without the prior written consent of the Lessor, which consent Lessor agrees not to unreasonably withhold.

"8. All repairs and maintenance to the leased premises other than structural repairs shall be paid for by Lessees.

"9. This lease constitutes the entire agreements between the parties and shall not be modified or altered except by another instrument in writing executed by both Lessor and Lessees.

"IN WITNESS WHEREOF, we have subscribed our names and affixed our seals the day and year first above written.

"Witness: GODDARDS, LTD., LESSOR

 /s/ Everett B. Birch

 By /s/ William Haim

 /s/ Lawrence F. Mitnick

 LAWRENCE F. MITNICK, LESSEE

 /s/ Frank Del Rocco

 FRANK DEL ROCCO, LESSEE"

As the above lease shows, it was entered into between the plaintiff, Goddards, Ltd., and defendants, Lawrence F. Mitnick and Frank Del Rocco, on January 20, 1958, for a term of four years and six months, commencing January 1, 1958, to May 31, 1962, and covered the premises known as "The Pink Barrel", located at property No. 78

and 79 Kronprindsens Gade, Charlotte Amalie, St. Thomas, Virgin Islands.

The lease, under paragraph 7, prohibited the lessees from assigning or subletting the whole or part of the lease without the written consent of the lessor. Notwithstanding, lessor did orally consent to the assignment of the interest of one of the lessees, the defendant Lawrence Del Rocco, to another, one Sally Meyers. The assignment was made on December 17, 1958.

Subsequently, "The Pink Barrel" became "The Pink Barrel Corporation." How and when this change or assignment took place was not brought out in the hearing. No evidence was introduced that the plaintiff consented, orally or in writing, to this assignment. However, this change was made and known to plaintiff before this action was brought by the plaintiff. This is evidenced by the fact that the notice of cancellation of the lease sent to defendant by plaintiff was addressed to "The Pink Barrel Corporation, attention Mr. Larry Mitnick."

This knowledge or lack of knowledge by the plaintiff of any transfer by the defendant to the corporation does not appear to be important, as plaintiff is not seeking cancellation on ground of subletting or assigning contrary to agreement. The knowledge and consent of plaintiff of the assignment of Frank Del Rocco's interest to Sally Meyers does become important, however, as Frank Del Rocco was named as a defendant and appeared and answered, and has prayed for costs and attorney's fees.

Paragraph 1 of the lease provides for monthly payments in advance on the first of each month, and in the event of default for a period of thirty days or more, lessor is given the option to cancel the lease by serving notice in writing and repossess the premises.

It appears from the evidence that the defendant Mitnick was the "business agent" of "The Pink Barrel", both

141

as a partnership and as a corporation. The evidence also indicates that the lessees seldom or never lived up to the agreement of paying rent in advance on the first of each month, and that sometime in the summer or fall of 1959, about a year and a half after the lease was entered into, there was a conversation between plaintiff's agent, William Haim, and the defendant, Lawrence Mitnick, to the effect that the defendant Mitnick may pay the rent on the 15th.

Plaintiff contends that the oral permission given to defendant to pay the rent on the 15th was for the particular month during which the conversation took place; the defendant, on the other hand, claims that the "concession" was for the balance of the term. Besides, the defendant also claims that by the "concession" plaintiff had cancelled the payment of rent for the 15 days, so that not only had the rent for each and every month thereafter become payable on the 15th, but that the payment of fifteen days' rent of the term was waived.

■■ There is no doubt, as defendant argues at length in his brief, that a party for whose benefit certain conditions are inserted in a written lease may waive the conditions by parol or otherwise. When this is done, however, it must be clear and unmistakable. There is no doubt that by the pleadings and the proof adduced in this case the plaintiff orally consented and thereby waived the inhibition not to assign without consent of lessor in writing when the assignment of Rocco's interest was made to Sally Meyers. However, the state of the evidence concerning a waiver or change of the date on which the rent was to fall due is not such that the court can find a waiver did take place.

■■ There being a conflict in the testimony, the party alleging the facts of a change of date of payment for the balance of the term, contrary to the written lease,

and the cancellation of fifteen days' payment of rent, has the burden of establishing them by the preponderance. 20 Am. Jur. Evidence § 147, p. 151; Teal v. Bilby, 123 U.S. 572, 8 S. Ct. 239, 31 L. Ed. 263.

This burden of proof has not been met by the defendant. Therefore, the court finds against him in this issue, which means that there was no waiver or parol modification of the lease with respect to a change of date upon which the rent became due, nor was there any cancellation of the payment of fifteen days' rent.

Prior to the time the lease was executed, public liability insurance was carried on the business. At its execution defendant paid the proportionate share of the premium under the said policy. At the expiration of the policy the following year defendant did not insure, and had not done so up to the time the case for forfeiture was brought.

The defendant claims hardship; that is, that he could not obtain the kind of insurance required under the lease. Further, defendant claims that plaintiff did not raise the question of insurance from the date of the lease until some time in April of 1960, at a meeting attended by plaintiff, when there was some negotiation for a sale of the defendant Mitnick's interest in the Pink Barrel Corporation. Plaintiff corroborates defendant's statement as to the time the question of insurance was raised in April 1960.

By letter dated June 1, 1960, plaintiff sent the following notice to defendants:

"June 1, 1960

"The Pink Barrel Corporation
 Charlotte Amalie
 St. Thomas, Virgin Islands

ATTN: Mr. Larry Mitnick

"Gentlemen:

"You are now in default of Paragraph 1, and in violation of Paragraph 11 of the Lease between Larry Mitnick and Frank del

Rocco as Lessees, which was assigned to the Pink Barrel Corporation, and Goddard's Ltd., as Lessor.

"Pursuant to the terms of Paragraph 1 of this lease, we hereby exercise our option and cancel your lease. This is to serve notice that you have thirty (30) days to vacate the premises.

"Very truly yours,

GODDARDS', LTD.

WH:sd

William Haim
Vice President"

By letter postmarked June 17, 1960, defendant Mitnick mailed a certified check to the plaintiff in the amount of $300.00 to cover rent for the months of May and June, 1960. This check was not returned to defendant, but on July 11, 1960, action for forfeiture was brought on the two grounds mentioned above against the defendants Lawrence F. Mitnick and Frank Del Rocco.

Defendant Mitnick claims absence from the jurisdiction and illness of a parent as excuses for not paying the rent for May during May. Defendant Del Rocco pleaded he had no further interest in the lease, his interest therein having theretofore been assigned to Sally Meyers, with the consent of the plaintiff.

The excuse of the defendant Mitnick does not appear to the court to be valid, as the defendant could have and should have made provisions for payment prior to his departure, and if he found he had to remain away longer than the due date he could have directed that it be paid, or have had it mailed to the lessor.

■ ■ Defendant Del Rocco's plea of "no further interest in said lease" is well taken, and his prayer for a dismissal as against him will be granted. However, costs and attorney's fees will not be allowed on the ground that plaintiff legally joined him as a party defendant. For although plaintiff consented to the assignment, there is nothing in the record showing that he was released of his

liability to pay rent as provided by the lease. "In the absence of any release of liability, the lessee's continued liability on his express covenant to pay rent is not affected by the fact that he assigned the leasehold with the express consent of the lessor, notwithstanding the lease provides that it shall not be assigned without the consent of the lessor." 32 Am. Jur. Landlord and Tenant § 360, p. 314: Lindley v. Sale, 36 P.2d 130; Hamlen v. Rednalloh Co., 291 Mass. 119; 99 A.L.R. 1230.

Very much has been written in the briefs of the parties concerning waiver, the defendant claiming that plaintiff waived its right to insist on a forfeiture for nonpayment of rent on the date agreed upon in the lease by reason of its acceptance of rent for a considerable period at a later date, and his having retained the rents for the months of May and June, 1960, after giving notice of its right and intention to forfeit the lease.

In opposition, the plaintiff argues that the leniency shown by plaintiff in accepting the rents after due date was not a waiver of its right to declare a forfeiture.

While the evidence shows that defendant did not pay his rent on the first as provided by the lease, it does not show with any exactitude or preponderance that plaintiff was in the habit of waiving its right to declare a forfeiture by accepting rent on so many occasions after *a default of thirty days, as provided by the lease,* as to mislead defendants by such waivers. Contrariwise, the plaintiff, having granted the defendant until the "fifteenth" of the month to pay the rent in which the conversation of the parties took place, as found above by the court, it would seem to be persuasive to believe that while the 1st of the month was onerous to defendant the 15th was less burdensome. Hence, there may have been few occasions where defaults were for 30 days or more, thereby giving the plaintiff a right to declare a forfeiture.

145

■ The court is of the opinion that leniency in permitting default to continue is not a waiver of plaintiff's right to declare a forfeiture for the nonpayment of rent. 32 Am. Jur. Landlord and Tenant § 882, p. 748; Clark v. Service Auto Co., 143 Miss. 602, 49 A.L.R. 511; Francis Bros. v. Schallberger, 137 Or. 529, 3 P.2d 530, 83 A.L.R. 108.

■ ■ As stated by the court in the Francis v. Schallberger case, supra:

"Nor is there any merit in plaintiff's contention that, because Denney was lenient with Von Allmen in permitting him to increase his indebtedness from month to month, it operated as a waiver of the right to declare a forfeiture. The covenant to pay rent was a continuing one to which the doctrine of waiver does not apply. As said by Jones in his work on Landlord and Tenant, sec. 499: 'That lessors are indulgent and accommodating, allowing a default to continue and the amount of rent due to increase steadily, simply failing to put the tenant out, cannot be regarded as proof of their election to waive the right to declare a forfeiture and take possession, as provided for in the lease. The lessor of real property will not be estopped to claim the right to possession of the premises for nonpayment of rent simply because he permits default to be made and continue as to such payments.' "

■ It is also the court's opinion that the acceptance of the rent after notice was not a waiver of forfeiture, for the defendants would be required to pay rent up to the time the premises are surrendered, whether by voluntary surrender or by forfeiture declared by the court. Since the notice of forfeiture was given and was to become effective at the end of June, accepting the rent for the months of May and June, after notice of the forfeiture, was not a waiver. Gamble-Skogmo, Inc. v. McNair Realty Co., 98 F. Supp. 440, 444.

■ ■ As to the necessity of a demand argued by defendant, the court is also of the opinion that since the lease provides for its cancellation or forfeiture for nonpayment of rent for 30 days or more, by serving lessees

notice in writing there was no necessity for a demand, the plaintiff not having theretofore waived the said provision. Guffy v. Hukill, 8 L.P.R.A. 759, 762; Gartland v. Hickman, 67 L.R.A. 694, 699. Under common law, by statute, or by agreement of the parties a demand may be necessary.

Although the plaintiff brought this action for forfeiture on two grounds, an inspection of the lease will show that there is no express stipulation for a forfeiture for the breach of any of the covenants or agreements, save the one for nonpayment of rent.

A stipulation which gives the lessor the right to declare a forfeiture for the breach of specified covenants, impliedly excludes their right for breach of other covenants. In the absence of such express stipulation, therefore, the general rule is that the breach by the lessee does not work a forfeiture. 32 Am. Jur. Landlord and Tenant §§ 847, 848, pp. 720, 721; Burnes v. McCubbin, 87 Am. Dec. 468; Gilbert Hotel v. Jones, 157 F.2d 717; Royce, Inc. v. The United States, 126 F. Supp. 196, 204. As a consequence, the court cannot grant a forfeiture on the ground that the defendant failed to insure. Albeit, defendant Mitnick in his answer and in his brief states that insurance in accordance with the terms of the lease has been procured.

The remaining ground for the court to consider is that of nonpayment of rent. The court has already found that plaintiff, by its leniency, did not waive its right to declare a forfeiture for nonpayment of rent on the date agreed upon. It shall now consider whether under all of the circumstances a declaration of forfeiture would be warranted.

Authorities are legion holding that forfeitures are not favored either in equity or in law. 12 Am. Jur. Contracts § 436, p. 1016; 32 Am. Jur. Landlord and

147

Tenant § 848, p. 720. And that where the ground of forfeiture relied upon is that of rent, equity will relieve against a forfeiture, on the ground that the rent is the object of the parties and the forfeiture only an incident intended to secure its payment. Sheets v. Selden, 7 Wall 416, 421; 19 L. Ed. 166, 168; Gamble-Skogmo, Inc. v. McNair Realty Co., supra.

■ Where the obligation is merely the payment of money, and the forfeiture is intended as a security for such payment, the loss or injury is ordinarily compensable in money and relief will be granted. 30 C.J.S. Equity § 56b, p. 394; Western Powder Mfg. Co. v. Interstate Coal Co., 13 F. Supp. 77; Gas & Electric Securities Co. v. Manhattan & Queens Traction Corp., 266 Fed. 625.

As stated in the case of Western Powder Mfg. Co. v. Interstate Coal Co., supra; quoting from Pomeroy's Equity Jurisprudence:

"Wherever a penalty or forfeiture is inserted merely to secure the payment of money, or the performance of some act, or the enjoyment of some right or benefit, equity regards such payment, performance or enjoyment as the real and principal intent of the instrument, and the penalty or forfeiture as merely an accessory, and will therefore relieve the debtor party from such penalty or forfeiture, whenever the actual damages sustained by the creditor party can be adequately compensated . . . the principle, in this scope of its operation, is not confined to agreements; it has been extended so as to prevent the forfeiture of a tenant's estate under a clause of re-entry for the nonpayment of rent, or for the breach of some, though not of all, the covenants contained in a lease; and to prevent the enforcement of a forfeiture for the non-performance of conditions subsequent.

"Relief is afforded in all cases of forfeiture arising from non-payment of money, and in cases where the damage incurred is susceptible of pecuniary measurement and therefore of compensation."

Gas & Electric Securities Co. v. Manhattan & Queens Traction Corp., supra. The court further pointed out in this case, that "where the parties have stipulated as to make

148

time of the essence of the contract, a failure to perform at the time agreed upon cannot be relieved from." See 30 **C.J.S.** Equity § 56b, p. 395.

In our case it is crystal clear that time was not of the essence. While the leniency of plaintiff discussed above did not ripen into a waiver, it is proof that time of payment was not of the essence, and equity will grant relief in such cases.

In balancing the equities in this case it appears to the court, both from the evidence and by the argument of counsel for plaintiff, that the thing most important to plaintiff was the rent, which is compensable.

Parenthetically, it may be noted that while plaintiff in its pleadings averred that it needed the premises for its own use, this claim was abandoned at the hearing.

On the other hand, defendant, being in the restaurant and night club business at "The Pink Barrel", has much more to lose by a forfeiture of the lease. The pleadings show in the answer of defendant Del Rocco that his one-half (1/2) interest was sold to Sally Meyers for $9,000.00. Once the plaintiff receives his rent and costs, which defendant is ready and willing to pay, it loses nothing; but if a forfeiture of the lease is granted, defendant will have no "Pink Barrel" to continue his business or even to dispose of, as the evidence shows he was negotiating to do. Whether he keeps it or disposes of it the plaintiff loses nothing, as it is entitled to its rent in either case. As the court has already pointed out, the lease does not provide for a forfeiture in case of assignment without consent of the lessor.

In the light of the above facts and conclusions, the decision of the court will be as follows:

1. That the defendant Lawrence Mitnick be relieved of the forfeiture and the complaint against him be dismissed;

2. That the defendant Mitnick and/or The Pink Barrel Corporation shall continue as tenant of plaintiff under the lease entered into on the 20th day of January, 1958, upon payment of all rents due, costs and an attorney's fee of $100.00;

3. That the case against the defendant Frank Del Rocco be dismissed, without costs or attorney's fee, the court having found that there was a default in nonpayment of rent.

Decree may be drawn in accordance with this opinion.